**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PUKHRAJ SINGH, | ) | CASE NO. 4:26-cv-00823 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES ESQUE FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| WARDEN OF MAHONING COUNTY | ) | **AND ORDER** |
| JAIL, *et al*., | ) | |
| | ) | |
| | ) | |
| Respondents. | | |

Before the Court is Petitioner's petition for writ of habeas corpus (the "Petition") and motion for temporary restraining order (the "Motion"). (ECF Nos. 1, 2). For the reasons stated below, the Petition is hereby **DISMISSED WITHOUT PREJUDICE**. (ECF No. 1). The Motion is hereby **DENIED** as moot. (ECF No. 2).

## I. RELEVANT BACKGROUND

Petitioner is a citizen of India. (ECF No. 1, PageID #108). Petitioner entered the United States in August of 2018. (*Id.*). The U.S. Immigration and Customs Enforcement charged Petitioner as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.*). On October 5, 2022, an immigration judge issued an order of removal against Petitioner, which Petitioner appealed to the Board of Immigration Appeals ("BIA") on November 2, 2022.[1] (*Id.*). In February 2026, Petitioner was detained again. (*Id.* at PageID #109). On April 6, 2026, he filed the instant Petition and Motion seeking, *inter alia*, immediate release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). (ECF No. 1, PageID #112; ECF No. 2, PageID #40–41). On April 14, 2026, the Government filed a return of writ. (ECF No. 4). On April 17, 2026, the parties filed a joint motion

[1] As addressed later in this order, this appeal was resolved on June 2, 2026.

to waive the hearing as to the motion for temporary restraining order. (ECF No. 5). The Court granted the parties joint motion on April 30, 2026. (Order [non-document] dated 4/30/2026).

On May 15, 2026, the Court ordered the parties to supplement their responses to the Petition and Motion to indicate the effect, if any, the Sixth Circuit's decision in *Lopez-Campos, et al. v. Raycraft, et al.*, 175 F.4th 713 (6th Cir. 2026) had on the claims presented. (Order [non-document] dated 5/15/2026). The parties' supplements disputed whether *Lopez-Campos* affected the Petition or Motion. (ECF Nos. 6, 7).

On July 20, 2026, the Court further ordered the parties to file a joint status report regarding Petitioner's pending appeal with the BIA. (Order [non-document] dated 7/20/2026). On July 23, 2026, the parties submitted a joint status report indicating that the BIA denied Petitioner's appeal on June 2, 2026. (ECF No. 8, PageID #114). The joint status report indicated "Respondent's position" that Petitioner's order of removal became administratively final, rendering the Petition and Motion moot because Petitioner was no longer eligible for a bond hearing under § 1226. (*Id.* at PageID #114).

To clarify the positions of the parties, the Court further ordered that the parties file a subsequent status report to include Petitioner's position on mootness. (Order [non-document] dated 7/29/2026). In a joint status report filed on July 30, 2026, Petitioner stipulated with Respondents' position that Petitioner's order of removal is administratively final, he is detained under 8 U.S.C. § 1231, and he is thus ineligible for a bond hearing under 8 U.S.C. § 1226. (ECF No. 9, PageID #141). Petitioner further stipulated that the Petition and Motion were moot. (*Id.*).

## II. DISCUSSION

Article III limits the jurisdiction of federal courts to ongoing "cases" and "controversies." *Chafin v. Chafin*, 568 U.S. 165, 171 (2013). To invoke that jurisdiction, "a litigant must have

suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision"—or more simply put, standing. *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). But the injury attributed to the opposing party and the court's ability to redress it must persist throughout the life of the case. *Id*. at 477–78 (citing *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988)). When the controversy dies—for example, the complainant's injury is redressed in some other way or the court loses the ability to redress it due to some intervening act—the case becomes moot and the federal court loses jurisdiction to hear it, thus requiring dismissal for mootness. *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (explaining that a case becomes moot when the issues presented are no longer live or the parties lack a cognizable interest in the outcome); *see also Kumar v. U.S. Dep't of Homeland Sec.*, No. 19-2404, 2020 WL 2904685, at *1 (6th Cir. June 1, 2020) ("[Petitioner's] challenge to his detention under 8 U.S.C. § 1226 no longer presents an active controversy because … [petitioner] is now being held pursuant to 8 U.S.C. § 1231, and his appeal is moot.").

As the parties have agreed, Petitioner's final administrative order of removal renders the Petition and Motion moot. Petitioner alleged that he was detained under 8 U.S.C. § 1226(a) and requested that the Court either order his immediate release or provide him with an individualized bond hearing. (ECF No. 1, PageID #112; ECF No. 2, PageID #40–41). As set forth in § 1226(a), a noncitizen "[o]n a warrant issued by the Attorney General may be arrested and detained *pending a decision* on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). As the parties indicate, Petitioner's removal proceedings are no longer pending. Petitioner's appeal to the BIA was denied, and Petitioner is subject to a final order of removal. (ECF No. 8, PageID #114; ECF No. 8-1). Petitioner is now detained under 8 U.S.C. § 1231 and is no longer eligible for a bond hearing under 8 U.S.C. § 1226. (ECF No. 8, PageID #114; ECF

No. 9, PageID #141). Because Petitioner challenges only his detention under 8 U.S.C. § 1226 and does not challenge the constitutionality of his current detention, the Petition and Motion are moot and the Court lacks jurisdiction.

## III. CONCLUSION

Accordingly, the Petition is hereby **DISMISSED WITHOUT PREJUDICE**. (ECF No. 1). Petitioner's Motion is hereby **DENIED AS MOOT**. (ECF No. 2).

**IT IS SO ORDERED.**

Date: September 18, 2026

Charles Fleming

**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**